# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Justin Hawkins, | ) |
|                          Petitioner, | ) Civil Action No. 0:15-cv-01870-JMC |
| v. | ) **ORDER AND OPINION** |
| Warden FCI Bennettsville, | ) |
|                          Respondent. | ) |

Petitioner Justin Hawkins ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 7) challenging a federal sentence imposed in the United States District Court for the District of Eastern North Carolina for the offense of use or employment of a person under the age of eighteen to possess and distribute in excess of 301 grams of cocaine base.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina, the matter was referred to United States Magistrate Judge Paige J. Gossett. On June 24, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 16) recommending that the court dismiss Petitioner's Amended Petition without prejudice and without requiring Respondent to file a return.[1] This review considers Petitioner's Objections to the Report ("Objections") (ECF No. 19) filed July 8, 2015. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** the Petition without prejudice.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and

---

[1]To preserve issues raised in this case and to give liberal construction to the pleadings, the Petition (ECF No. 1) has been appended to the Amended Petition (ECF No. 7) as an attachment (ECF No. 7-2).

1

procedural summation in the Magistrate Judge's Report (ECF No. 27) is accurate, and the court adopts this summary as its own. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is currently confined in Federal Correctional Institution ("FCI") Williamsburg, having transferred from FCI Bennettsville, where he was housed when he filed the Petition (ECF No. 7). In September of 1998, Petitioner pled guilty in the Eastern District of North Carolina for the offense of use or employment of a person under the age of eighteen to possess and distribute in excess of 301 grams of cocaine base and was sentenced to 292 months' imprisonment and 10 years of supervised release. (ECF No. 7 at 1-3.)

On September 27, 1999, Petitioner filed a motion under 28 U.S.C. § 2255. (ECF No. 7 at 11.) The sentencing court denied this motion and the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal of the district court's decision. (*Id.* at 11-12.) Additionally, Petitioner filed other motions and petitions to include a "motion 60(b)," "petition for determination," "Writ for Audita Querela," and "motion for reduction of sentence 18 to 1," all of which the sentencing court denied. (*Id.* at 12.) On June 17, 2014, Petitioner filed a second motion under § 2255, which the sentencing court denied as successive. (*Id.*) Petitioner appealed the denial of the motion to the Fourth Circuit, which dismissed the appeal. *See United States v. Hawkins*, 600 F. App'x 137 (4th Cir. 2015).

Petitioner filed the instant § 2241 Amended Petition (ECF No. 7) on May 19, 2015, alleging that his federal sentence was improperly enhanced pursuant to the United States Sentencing Guidelines ("USSG") 4b1.1. Petitioner "acknowledges that he has 2 prior felonies" or "2 qualifying convictions." (*Id.* at 12-13, 26.) However, Petitioner asserted that one offense used to enhance his sentence is no longer a "class A1" misdemeanor which carries a maximum

150-day sentence of imprisonment and no longer qualifies as a predicate offense for purposes of sentence enhancement under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (holding that, for a North Carolina prior conviction to be considered as a predicate felony offense, the defendant must have been convicted of an offense for which the defendant, based on his own criminal history, could be sentenced to a term exceeding one year). (*Id.* at 13, 26.)

On July 8, 2015, the Magistrate Judge issued the Report (ECF No. 16) recommending that the court dismiss Petitioner's Amended Petition (ECF No. 7) without prejudice and without requiring Respondent to file a return. In the Report (ECF No. 16), the Magistrate Judge found that Petitioner's § 2241 Amended Petition (ECF No. 7) is subject to summary dismissal because Petitioner cannot challenge his federal conviction and sentence under §2241 since he is unable to satisfy the § 2255 savings clause by demonstrating that a § 2255 motion is an inadequate or ineffective means to test the legality of a prisoner's detention. Additionally, the Report found that Fourth Circuit precedent holds that the savings clause "does not extend to petitioners who challenge only their sentences". (ECF No. 16 at 5 (citing *United States v. Poole*, 531 F. 3d 263, 267 n. 7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act ("ACCA") sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause)).) Petitioner only challenged his sentence enhancement and failed to provide factual allegations to show that the conduct which he was convicted for has been deemed non-criminal by any substantive law change since his § 2255 motion. The Report therefore recommended that the Amended Petition be dismissed without prejudice and without requiring the Respondent to file a return.

Petitioner filed his Objections on July 8, 2017. (ECF No. 19.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments

that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

This court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. The court specifically reviewed those conclusions of the Magistrate Judge which were mentioned in Petitioner's Objections.

The Magistrate Judge properly determined that the § 2255 savings clause did not extend to Petitioner. Furthermore, the Magistrate Judge is correct in distinguishing the facts of this case from *Persaud v. United States,* 134 S. Ct. 1023 (2014) (dealing with a mandatory-minimum life sentence). Finally, the Magistrate Judge was correct in noting that the narrowness of *Persaud* did not change the state of existing Fourth Circuit precedent. *See Brown v, Mansukhani*, C/A No. 5:15-164-BHH, 2015 WL 2173049, at *5 (D.S.C. May 8, 2015) (adopting and incorporating Report and Recommendation summary dismissal of a § 2241 petition challenging a mandatory-minimum life sentence under *Persaud*).

Petitioner's Objections largely consist of assertions that the Magistrate Judge erred in concluding that Petitioner was challenging his sentence rather than his conviction, yet in Petitioner's Objections (EFC No. 19 at 5), Petitioner again challenges his sentence under *Simmons*. The Magistrate Judge properly determined that Petitioner was arguing against his sentence and that Petitioner misplaced his reliance on *Simmons* since only two prior felony convictions are required for a career offender enhancement, and Petitioner admits both in his Amended Complaint (ECF No. 7 at 3) and in his Objections that he "only has 2 convictions that qualify as felonies." (ECF No. 19 at 3). His sentence is thus not "erroneous under *Simmons*." (*Id*. at 5.)

## III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 16) and **DISMISSES** Petitioner's Amended Petition (ECF No. 7) without prejudice and without requiring Respondent to file a return.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

May 22, 2017
Columbia, South Carolina